UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMPSON LEE SMITH #240397,

        Plaintiff,

v.

D. KURTH, et al.,

        Defendants.

_____/

Case No. 2:17-cv-000157

Hon. Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Sampson Lee Smith pursuant to 42 U.S.C. § 1983. Plaintiff asserts an excessive-force Eighth Amendment claim against Defendants D. Kurth, Unknown Vandershake and Unknown Party #1.[1] Defendants Kurth and Vadershake have filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) and argue that they are entitled to qualified immunity. (ECF No. 15.) Plaintiff has responded. (ECF No. 23.) Because Defendants have not met their burden of showing that they are entitled to judgment as a matter

---

[1] In his response, Plaintiff also discusses a claim under the Fourteenth Amendment. However, Plaintiff did not assert any Fourteenth Amendment claims in his Complaint. (ECF No. 1.) Even if Plaintiff asserted a Fourteenth Amendment claim in his complaint, it is without merit. Claims must be analyzed under the amendment that "provides an explicit textual source of constitutional protection against a particular sort of government behavior." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (citation and quotation marks omitted). Here, all of Plaintiff's allegations fall under the Eighth Amendment's prohibition of cruel and unusual punishment.

of law, the undersigned respectfully recommends that the Court deny Defendant's motion.

## Factual Allegations

The events alleged in the complaint occurred while Plaintiff was incarcerated at the Alger Correctional Facility (LMF). In the morning of May 3, 2017, Plaintiff was "exhibiting disruptive behavior." He admits to kicking and pounding on his cell door. He refused to comply with staff instructions to stop. Thus, the deputy warden authorized a "move team" to enter Plaintiff's cell and put him in soft restraints. After the restraints were put on Plaintiff, a registered nurse checked and approved the tightness of the restraints. Plaintiff remained in the soft restraints the entire day.

The next morning, at a little after 7:00 a.m., Plaintiff states that Defendants Kurth, Vandershake, and an unknown lieutenant, ordered Plaintiff out of his cell, forced him to the ground, and tightened the restraints causing him severe pain. Plaintiff claims that Defendants sole purpose for tightening the restraints was to cause pain. Plaintiff further states that he remained in the restraints until a nurse removed them at 7:00 p.m. Plaintiff claims that the restraints caused a subdural hematoma that will require surgery to remove.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d

426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Analysis

Plaintiff asserts an excessive-force Eighth Amendment claim against Defendants. Defendants argue that they are entitled to qualified immunity on Plaintiff's claim.

### I. Qualified Immunity

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have

3

believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.*

### A. Constitutional Violation

The Eighth Amendment limits the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Id.* at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

To establish an Eighth Amendment claim, Plaintiff must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

4

*Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). "The subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson*, 501 U.S. at 298).

### 1. Subjective Component

Under the subjective component, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992). The Court "must judge the reasonableness of the force used from the perspective and with the knowledge of the defendant officer." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015). In determining whether the use of force is malicious or sadistic, the Court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7.

Defendants argue that they did not use any unnecessary force when they tightened Plaintiff's restraints. In purported affidavits that were not sworn under penalty of perjury, Defendants state that they removed Plaintiff from his cell and reapplied the restraints because "he had slipped out of his waist restraints" and that Plaintiff "was also being disruptive and threatening other MDOC staff." (ECF No. 16-4, PageID.109, ECF No. 16-5, PageID.113.) Defendants further state that the "restraints were not placed excessively tight." (ECF No. 16-4, PageID.109, ECF No.

5

16-5, PageID.113.) In further support, Defendants submitted a logbook entry to establish that Plaintiff slipped his waist restraints:

> 0710  Restraint check on prisoner Smith #240397.
> Restraints were adjusted due to prisoner Smith slipping the waist portion of the restraints. Prisoner Smith will remain in Restraints, longer time of positive behavior needed. Prisoner Smith was instructed to follow staff orders and stop the insolent + threatening behavior. -LT Kien(?)

(ECF No. 16-3, PageID.105.)

However, Plaintiff disputes Defendants' version of events. In his affidavit sworn under penalty of perjury, Plaintiff states that he never slipped out of his waist restraints. He states that Defendants removed him from his cell, forced him to the floor, and tightened his restraints "to an unbearable degree" for the sole purpose of inflicting pain. Plaintiff states that the Aspen Unit camera footage will support his version of events. Neither party submitted any videos to the Court.

If Defendants' version of events is true – that Plaintiff was exhibiting disruptive behavior and slipped his waist restraints and Defendants were simply reapplying the restraints – there would be little question that Defendants' actions were a good-faith attempt to maintain or restore discipline. But, as described above, Plaintiff says that he did not slip out of his restraints and that Defendants acted with the sole purpose to cause harm. Therefore, the undersigned finds that there are genuine issues of material fact as to whether Plaintiff was still being disruptive, whether Plaintiff slipped his waist restraints, and whether Defendants acted for the purpose of causing harm.

### 2. Objective Component

Under the objective component, the pain inflicted must be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson*, 501 U.S. at 298). While the extent of an inmate's injury may help determine the amount of force used by the prison or jail official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). When prison or jail officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated, "[w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Although Plaintiff did not submit any medical records, he claims that he suffered a subdural hematoma from the restraints. Defendants did not file a reply brief and do not appear to challenge this assertion. The undersigned is skeptical that the restraints caused a subdural hematoma[2] without reviewing any medical evidence. But even if Plaintiff did not have a subdural hematoma, Plaintiff can meet the objective component by showing that Defendants acted maliciously and sadistically to cause harm. And, as explained above, the undersigned finds that there are genuine issues of material fact at issue relating to restraint of the Plaintiff.

### B. Clearly Established

Because Plaintiff has presented sufficient evidence to establish a genuine issue of material fact regarding the alleged constitutional violation, the undersigned must

---

[2] "A subdural hematoma is a localized collection of blood between the dura and the brain generally caused by a break in the wall of a blood vessel." *Ceasor v. Ocwieja*, 655 F. App'x. 263, 265 (6th Cir. 2016).

7

also determine whether the right was clearly established in 2017. For a right to be clearly established, "the right's contours [need to be] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014).

As the Sixth Circuit explained in *Cordell v. McKinney*, 759 F.3d 573, 588 (6th Cir. 2014), "[i]n the past, we have held that 'if there is a genuine issue of fact as to whether an officer's use of force was objectively reasonable, then there naturally is a genuine issue of fact with respect to whether a reasonable jail official would have known such conduct was wrongful.'" *Id.* (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 642 (6th Cir. 2001)). Applying *Cordell* to the facts in this case, the undersigned finds that a reasonable official would know that slamming an inmate to the ground, tightening his restraints for the sole purpose of causing pain, and leaving the inmate in those restraints for 12 hours, would be wrongful conduct. Therefore, in the opinion of the undersigned, the right at issue was clearly established in 2017, and Defendants are not entitled to qualified immunity.

## Recommendation

I respectfully recommend that that this Court deny Defendants' motion for summary judgment (ECF No. 15).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections

constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 27, 2019

                                                /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U.S. MAGISTRATE JUDGE